# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

DAVID WHITE,

        Plaintiff,

v.

CORELOGIC RENTAL PROPERTY
SOLUTIONS, LLC.,
Formerly CORELOGIC SAFERENT, LLC;        Civil Action No. _____

and

CORELOGIC NATIONAL
BACKGROUND DATA, LLC

        Defendants.

## COMPLAINT

COMES NOW the Plaintiff, DAVID WHITE, by Counsel, and for his complaint against Defendants, Corelogic Rental Property Solutions, LLC, formerly CoreLogic SafeRent, LLC ("SafeRent") and Corelogic National Background Data, LLC ("NBD") (collectively, "Defendants") states as follows:

## PRELIMINARY STATEMENT

1. This is an action for actual damages, costs and attorneys' fees brought pursuant to 15 U.S.C. §1681e(b) and 15 U.S.C. §1681k of the Fair Credit Reporting Act ("FCRA").

2. The FCRA requires that companies like the Defendants—which sell employment background check reports that have a serious and decisive impact on the ability of consumers to obtain and follow employment opportunities—follow reasonable procedures to assure the maximum possible accuracy of the information they report. Congress described these obligations placed on consumer reporting agencies as "grave responsibilities." 15 U.S.C. §1681. Defendants failed to treat these obligations accordingly, and despite knowing that their underlying data and the "matching" algorithms that selected records for inclusion into consumer reports had serious

deficiencies, they continued to sell reports anyway to the detriment of consumers like the Plaintiffs.

## JURISDICTION

3. The jurisdiction of this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1331. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b)(1) because a significant portion of the events detailed in this Complaint occurred in this District.

## PARTIES

4. Plaintiff David White is a natural person and resident of the State of Missouri. He is a "consumer" as defined by 15 U.S.C. § 1681a(c).

5. Defendant SafeRent is a corporation authorized to do business in the State of Connecticut. SafeRent is a consumer-reporting agency that compiles and keeps files on consumers on a nationwide basis. It maintains an extensive database of public records regarding consumers. It then sells consumer reports generated from the database and furnishes these consumer reports to its sister company, Defendant CoreLogic National Background Data, LLC ("National Background Data"), who then sells them to other "reseller" consumer-reporting agencies who, in turn, rebrand them and sell them to employers for use in making employment decisions regarding current and potential employees. Defendants routinely sell consumer reports for use by employers located in Connecticut to make hiring decisions regarding prospective employees in Connecticut.

### *Factual Allegations*

6. Prior to March 2010, Plaintiff was employed as a fulltime assistant football coach at the University of Oklahoma. In March 2010, Plaintiff was offered and accepted a position with Yale University.

2

7. As part of his relationship with Yale, Plaintiff submitted to a background check, part of which involved Yale's purchase and review of a criminal records report to ensure that the Plaintiff was not a criminal. Yale requested a criminal records report from ADP Screening and Selection Services, a third-party re-seller consumer reporting agency. In order to prepare this report, ADP requested a full background report regarding the Plaintiff from Defendant NBD, who in turn requested a report from its sister company, SafeRent.

8. Plaintiff traveled to New Haven to begin his employment with Yale. The day after signing the employment contract, Plaintiff was asked to meet with the athletic administration. During this meeting, which occurred on Yale's campus, Plaintiff was advised that his contract was revoked immediately due to issues with his background check and that Yale was unable to hire him. The Yale administrator at this meeting appeared to be uncomfortable to sit in a room with Plaintiff and provided little to no detail about the background check issues. After the meeting concluded, Plaintiff was escorted off Yale's campus and taken to his lodging and directed to pack his things. He was then driven to the airport to return to Oklahoma.

9. Upon his return to Oklahoma, Plaintiff spoke with Head Coach Bob Stoops, who advised Plaintiff that his prior position at Oklahoma had been filled by another coach. From March 2010 through January 2017, Plaintiff was unable to obtain a professional coaching position anywhere in his field, despite that by all accounts, he was and is an excellent football coach.

10. On or about February 14, 2018, Plaintiff became aware that Defendants NBD and SafeRent had been publishing false information about him.

11. Through investigation, Plaintiff was able to determine that ADP had purchased a report from Defendants NBD and SafeRent, and provided a report dated March 11, 2010 to Yale. This report indicated that Plaintiff was a sex offender based on prior convictions for "attempted

sexual exploitation of a minor," "child molestation," "lewd or indecent proposal/acts with a child," "sexual battery," "first degree sexual assault of a child," and "child enticement," and had been registered as such in the States of Arizona, Indiana, Oklahoma, Virginia, and Wisconsin.

12. Plaintiff is not nor has he ever been a registered sex offender, nor has he ever been convicted of the crimes listed in the preceding paragraph.

13. The Defendants' publication of reports and public record information which were ultimately transmitted to Yale would not have occurred, but for the failure of Defendants NBD and SafeRent to follow reasonable procedures to ensure the maximum possible accuracy of the information in their consumer reports, and their additional failure to either notify Plaintiff of their reporting of the adverse sex offender reports "at the time" that each Defendant published the report to a third party (as required by 15 U.S.C. §1681k(a)(1)), or in the alternative, to follow strict procedures designed to insure that the information published was "complete and up to date" (as required by 15 U.S.C. §1681k(a)(2)).

14. The inaccurate report caused Plaintiff substantial hardship, and Plaintiff suffered financial loss, humiliation, loss of sleep, anxiety, and embarrassment as a result of Defendant NBD and SafeRent's violations of the law.

**COUNT ONE – VIOLATION OF FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681e(b)**

15. Plaintiff realleges and incorporates paragraphs 1 through 14 above as if fully set out herein.

16. Defendants NBD and SafeRent failed to follow reasonable procedures to assure the maximum possible accuracy of the information contained in the consumer reports that each sold regarding the Plaintiff.

17. As a result of NBD and SafeRent's violations of 15 U.S.C. § 1681e(b), Plaintiff suffered actual damages, including but not limited to: the loss of at least one employment opportunity, loss of sleep, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

18. Plaintiff is entitled to recover actual damages, costs and attorneys' fees from Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681o.

### COUNT TWO – VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681k(a)(1)

19. Plaintiff realleges and incorporates the allegations above as if fully setout herein.

20. Defendants failed to send the required §1681k(a)(1) notice to Plaintiff that it provided an employment-purposed consumer report to a user that contained public record information of the type that is likely to have an adverse effect on Plaintiff's ability to obtain or maintain employment.

21. Plaintiff was unaware of Defendants' violation regarding his ADP report until February 14, 2018. He was unaware of Defendants' additional violations until the information was provided to him in notice(s) issued in connection with two class action cases: *Witt, et al. v. CoreLogic National Background Data, LLC, et. al.* (No. 3:15cv386-REP E.D. Va.), and *Henderson et al. v. CoreLogic National Background Data, LLC* (No. 3:12cv87-REP E.D. Va.).

22. Similarly, Defendants do not ever follow strict procedures designed to ensure that they only furnish complete and up-to-date public records. In fact, Defendants uniformly fail to sell or furnish the complete public record and instead only obtain and provide the very limited data available through a batch and/or automated pickup.

23. Defendants' failure to timely provide the required FCRA notices to Plaintiff violated 15 U.S.C. §1681k(a)(1).

24. Defendants' failure to follow strict procedures designed to ensure that it did not furnish incomplete or out of date public records regarding Plaintiff violated 15 U.S.C. §1681k(a)(2).

26. As a result of Defendants' conduct, Plaintiff suffered particularized and concrete injuries, including being robbed of his congressionally mandated right to information to which Congress has deemed him entitled. Access to this information is important because (1) it is highly personal in nature; (2) it is maintained and reported by third parties to whom Plaintiff has no pre-existing relationship; (3) it is ultimately sold to third parties to whom Plaintiff is applying to employment or credit without Plaintiff having the opportunity to view it in advance; and (4) it is potential determinative information in extremely important interactions—applications for employment or credit.

27. Having been denied this important information, Plaintiff was harmed because he did not know what information was circulated about him and by whom and was subsequently denied an opportunity to correct inaccurate or obsolete information. As a result, Plaintiff was at increased risk to be denied employment and lost the opportunity to dispute Defendants' false reporting prior to or contemporaneously with Yale's evaluation of that reporting.

29. As a result of their FCRA violations, Defendants are liable to Plaintiff for actual damages, attorney fees and costs pursuant to §1681n.

WHEREFORE, Your Plaintiff demands judgment for actual damages against the Defendants; for his attorneys' fees and costs; for pre-judgment and post-judgment interest at the legal rate; and such other relief the Court does deem just, equitable and proper.

PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY.

Respectfully submitted,

**DAVID WHITE,**

*Joanne S. Faulkner*
BY: _____

    Joanne S. Faulkner
    JOANNE S. FAULKNER (CT04137)
    123 Avon Street
    New Haven, CT 06511-2422
    (203) 772-0395
    E-mail: faulknerlawoffice@snet.net

    Leonard A. Bennett, pro hac to be submitted
    Craig Marchiando, pro hac to be submitted
    Drew D. Sarrett, pro hac to be submitted
    Consumer Litigation Associates, P.C.
    763 J. Clyde Morris Boulevard, Suite 1-A
    Newport News, VA 23601
    Email: lenbennett@clalegal.com
    Email: craig@clalegal.com
    Email: drew@clalegal.com
    (757) 930-3660
    (757) 930-3662 facsimile