UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| DAVID WHITE,<br><br>*Plaintiff*,<br><br>v.<br><br>CORELOGIC NATIONAL BACKGROUND DATA, LLC,<br><br>*Defendant*. | Civil No. 3:22-cv-00072 (JBA)<br><br>June 13, 2023 |

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

Plaintiff moves for reconsideration [Doc. # 41] of this Court's order granting Defendant's Motion to Dismiss [Doc. # 39]. Plaintiff argues that when denying transfer of this case to the District of Maryland, this Court erred in failing to evaluate the possibility of transfer to another district court – in particular, the District of Delaware. (Mot. to Recon. at 2.) Although Plaintiff never requested or raised the possibility of transfer to the District of Delaware in the briefing on the motion to dismiss, Plaintiff now argues this Court was permitted to transfer to a district even if not requested by the Plaintiff, and it improperly failed to do so. *Id.* Defendant responds [Doc. # 43] that a motion for reconsideration is not a proper vehicle for obtaining relief not previously sought.

**I.    Legal Standard**

"Motions for reconsideration shall not be routinely filed and shall satisfy the strict standard applicable to such motion. Such motions will generally be denied unless the movant can point to controlling decisions or data that the Court overlooked in the initial decision or order." D. Conn. L. Civ. R. 7(c)(1). The major grounds justifying reconsideration are "an intervening change of controlling law, the availability of new evidence, or the need to correct

a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotations omitted). Reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998).

## II.     Discussion

The Court assumes familiarity with the factual background of this case. (*See* Order Granting Mot. to Dismiss [Doc. # 39].)

Plaintiff argues that because it is "undisputed that the District of Delaware is an appropriate venue with general jurisdiction over Defendant, and the Court had authority to order a transfer there," that this Court should have transferred the case to Delaware. (Mot. at 2-3.) Defendant argues the motion fails because Plaintiff failed to request transfer to Delaware in his opposition to Defendant's motion to dismiss, and instead only requested transfer to the District of Maryland, which this Court denied. (Defs.' Opp'n at 2-3.)

Plaintiff relies on *Minnette v. Time Warner*, in which the Second Circuit transferred a case on appeal even though transfer to that particular district had not been sought in the district court. 997 F.2d 1023, 1026 (2d Cir. 1993). In *Minnette*, the plaintiff filed a Title VII action *pro se* and asserted that "she filed her action in the Western District of New York after the court clerk there informed her that she could file her claim in that district, and that if venue was improper, the court would transfer her case to the proper venue." *Id.* The Second Circuit deemed it appropriate "to exercise [its] statutory and inherent authority to transfer this case to the Eastern District of Virginia in the interest of justice," noting that the appellant would be time-barred from initiating a new action. *Id.* at 1026-27.

Plaintiff analogizes *Minnette* to this case because he too may be time-barred. But unlike in *Minnette*, here Plaintiff is not *pro se*, and has in fact engaged in extensive forum shopping. Mr. White re-filed this case in the District of Connecticut after originally filing in the Eastern

District of Virginia, then sought transfer to Maryland, and now tries to transfer to a venue in which all parties concede jurisdiction is proper—in other words, he was well aware of the need to ensure proper jurisdiction prior to filing, and what the consequences would be if he did not choose a suitable venue.

Plaintiff also points to *U.S. ex rel. Smith v. Yale Univ.*, in which the district court treated plaintiff's post-dismissal motion for transfer as a motion for reconsideration, because plaintiff's case would now otherwise be time-barred and transfer was in the interests of justice. No. 3:02CV1205(PCD), 2006 WL 1168446, at *4 (D. Conn. Apr. 28, 2006). But unlike in *Smith*, here transfer would not be in the interests of justice, in light of Plaintiff's repeated forum shopping. This is reflected in *Blakely v. Lew*, in which the plaintiff had brought suit in the Southern District of New York but unsuccessfully sought transfer to the District of Columbia. 607 F. App'x 15, 18 (2d Cir. 2015). In affirming the district court's denial of transfer, the Second Circuit stated that given that the appellant had previously sought to litigate the case in the Eastern District of Michigan prior to bringing suit in New York, it was within the discretion of the district court to determine that allowing the appellant to bring suit in yet another jurisdiction would constitute impermissible forum shopping. *Id.* Here, after seeking to litigate in Virginia, Connecticut, and Maryland, Plaintiff is seeking an unwarranted fourth bite at the jurisdictional apple.

### III.   Conclusion

For the reasons set forth above, Plaintiffs' motion for reconsideration [Doc. # 41] is DENIED.

IT IS SO ORDERED.

_____/s/_____

Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 13th day of June, 2023